Hancock, Jr., J.
(dissenting in part). I agree with the majority that an escape from a nonsecure facility by a CPL 330.20 defendant does not constitute the crime of escape in the second degree (Penal Law § 205.10). I would, however, modify the order of the Appellate Division by reinstating the count in the indictment charging escape in the third degree (Penal Law § 205.05) because escape from a nonsecure facility, while not amounting to escape in the second degree (Penal Law § 205.10), is an escape from the custody of the Commissioner of Mental Health, "a public servant pursuant to” an "order of a court” (Penal Law § 205.00 [2]), and hence constitutes the crime of escape in the third degree (Penal Law § 205.05; see, People v Walter, 115 AD2d 52, 55-56; People v Buthy, 85 AD2d 890). The references throughout CPL 330.20 to acquittees, whether committed to a secure facility (see, CPL 330.20 [8]) or nonsecure facility (see, CPL 330.20 [11]), as being in the "custody” of the Commissioner of Mental Health (see, e.g., CPL 330.20 [1], [6], [7], [8], [9], [10], [11], [12], [19]), the use of the word "escape” with reference to an acquittee who absconds (CPL 330.20 [10], [19]), and the use of the word "defendant” to describe an acquittee (see, CPL 330.20 [1]-[21]) all indicate that CPL 330.20 is to be read in the light of Penal Law article 205, and that the Legislature intended that escape from a nonsecure facility by a defendant in the "custody” of the Commissioner under CPL 330.20 should constitute escape in the third degree (Penal Law § 205.05). There is nothing in either CPL 330.20 or Penal Law article 205 evincing a contrary legislative intent.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur; Judge Hancock, Jr., dissents in part and votes to modify in an opinion.
Order affirmed in a memorandum.